UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
99 JUL 21 PM 12: 45
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CV 98-L-1342-S |
| 1.733 ACRES OF LAND LOCATED IN CULLMAN COUNTY, ALABAMA; ET. AL, | ) ) ) ) | |
| RE:   CULLMAN PARCEL NO. 98 Owner: City of Cullman | ) ) ) | |
| Defendants, | ) | |

ENTERED
JUL 21 1999

## MEMORANDUM OPINION

I. Introduction

Currently pending before this court is a motion to reject or modify Report of Commissioners filed by plaintiff Southern Natural Gas Company ('Southern"). Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the items that were discussed in oral argument, plaintiff's objections to the Report of Commissioners, as well as the court's findings.

22

II.     Damages Awarded For The Permanent Easement  ($21,728)

The Commissioners determined that the property on which the permanent easement would be located was worth $6,000 an acre prior to the pipeline. Thus, the Commission awarded $21,728 for the 3.62 acres permanently taken. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

III.    Damage To The Remaining Property ($0)

The Commission recommended that landowners be awarded a 2% diminution of value to the 247.38 acres of remaining property outside of the permanent easement caused by the pipeline, amounting to $29,685. Southern objects to this award arguing that the award of $29,685 is not properly supported by any credible evidence before the Commission and is clearly erroneous.

The Mayor testified that the City paid $1,000,000 for the property for the express use as an industrial park. Mr. James K. Green, Jr., an MAI appraiser speaking on behalf of Cullman, testified that he had appraised the land, and that he thought there would be a 5% to 10% loss in the value of all the property with the pipeline running through the land.

As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which

the reasons given for their opinions appear to be sound and reasonable." (*See pp. 8-9)*

The court finds that no witness testified to any specific damage to the remaining 247.38 acres outside of the easements, and no witness presented any market data to support his theory that the pipeline would negatively affect the property value of the remainder property. After considering all evidence, the Court finds that the $29,685 awarded for the 2% diminution of value recommended in the Commissioner's report is clearly erroneous. Thus, the court holds that the amount to be awarded for damages to the remaining property should be zero dollars ($0).

IV.     Amount Awarded For The Temporary Easement ($3,447.76)

The Commissioners awarded $3,447.76 for the temporary easement. Neither party has objected to this award, and the Commission's findings are approved and adopted as the findings of the court.

V.     Conclusion

The Commissioners have recommended an award to the owners of the property in the above-described easement in the amount of $54,860.76. The court has decided to moderate such award from $54,860.76 to $25,175.76, pursuant to the provisions of F.R.C.P. Rule 53(e)(2). In view of the foregoing discussion, a separate judgment will be entered in the

amount of $25,175.76 as just compensation to the owner of Cullman Parcel 98 for the taking of the above-described easement. This Judgment is final as to plaintiff and the City of Cullman, pursuant to Fed. R. Civ. Pro. 54(b). No just cause exists to delay any appeal of the adjudicated claim or the adjudicated rights and liabilities of these parties.

Done this 16 day of July, 1999.

*Seybourn H. Lynne*
Senior Judge