UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED

99 OCT 29 PM 12: 46

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| SOUTHERN NATURAL GAS COMPANY | ) | **ENTERED** p⟋ |
| | ) | OCT 2 9 1999 |
| Plaintiff, | ) | |
| | | CV 97-L-1342-S |
| vs. | ) | |
| 1.468 ACRES OF LAND LOCATED IN MORGAN COUNTY, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |
| RE: Morgan Tract No. 12 Owner: John P. Hart | ) | |

**MEMORANDUM OPINION**

I. Introduction

Currently pending before this court are objections to the Report of Commissioners filed by defendant landowner, John P. Hart. Under Rule 53(e)(2) of the Federal Rules of Civil Procedure, "the court after hearing may adopt the report or may modify it or may reject it in whole or in part." The following paragraphs contain the issues that were discussed in oral argument, the party's objections to the Report of Commissioners, as well as the court's findings and final judgment.

41

II.   Discussion and Findings

A.   Damages Awarded for the Permanent Easement

The Commissioners awarded $7,340 in the permanent pipeline easement by deriving that the 1.468 acres taken was worth $5,000 an acre.   Defendant objects to this amount based on his opinion that the pipeline decreased the value of his property by $33,000. Based on the evidence before the Commissioners and this court, the court finds that there is substantial support for the Commissioners' award, and as such, the Commissioners' findings are approved and adopted as the findings of the court.

B.   Amount Awarded for Temporary Easement

The Commissioners recommended that $1,166 was appropriate compensation for the temporary construction easement. Defendant objects to this amount based on his opinion that $2,000 would be reasonable compensation for the temporary easement.   As cited in the Instructions to the Commissioners, when deciding what weight if any to give to opinion evidence, the Commission is to consider the "extent to which their opinions are based upon a thorough and careful analysis of the applicable facts and circumstances and are consistent with the legal principles involved, and the extent to which the reasons given for their opinions appear ro be sound and reasonable."   The court finds that the defendant's testimony offered for the valuation was not based on any calculation and was

solely an opinion.  Therefore, this court approves and adopts the
Commissioners' finding as that of this court.

C.  Amount Awarded for Timber Damage

The  Commissioners  awarded  $211  for  the  loss  of  timber.
Defendant objects to this amount and asserts only his opinion that
the timber damage amount should be $2,000. Again, the court finds
that the defendant's testimony offered for this valuation was not
based on any calculation and was solely an opinion.  Therefore, the
court approves and adopts the Commissioners' finding as that of the
court.

D.  Damage to the Remaining Property

The  Commissioners  recommended  that  landowners  be  awarded
$1,500 compensation for damage caused by the pipeline outside of
the permanent easement.  Neither party objects to this award, and
as such, the Commissioners' findings are approved and adopted as
the findings of the Court.


III.  Conclusion

The Commissioners have recommended an award to the owners of
the property in the above-described easement in the amount of
$12,467.  The court approves and adopts the Report of Commissioners
in whole.  In view of the foregoing discussion, a separate judgment
will be entered in the amount of $12,467 as just  compensation in

favor of the plaintiff.

DONE this 29<u>th</u> day of October 1999.

_____
SENIOR JUDGE